In an action to foreclose a mortgage, the defendants Janet Morales and Luis Morales appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated April 8, 2011, which denied their motion to vacate a judgment of foreclosure and sale of the same court dated January 30, 2007, entered upon their default in appearing or answering the complaint, to set aside the foreclosure sale of the subject property, and to dismiss the complaint for lack of standing.
Ordered that the order is affirmed, with costs.
The Supreme Court properly denied that branch of the appellants’ motion which was to vacate the judgment of foreclosure and sale dated January 30, 2007, which was entered upon their default in appearing or answering the complaint. A defendant seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default and a poten *881 tially meritorious defense to the action (see CPLR 5015 [a] [1]; US Bank N.A. v Stewart, 97 AD3d 740 [2012]; Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701, 701 [2012]; Fremont Inv. & Loan v Bertram, 90 AD3d 988 [2011]; Citimortgage, Inc. v Brown, 83 AD3d 644, 645 [2011]). Here, the appellants failed to demonstrate a reasonable excuse for their default, and, therefore, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense (see U.S. Bank N.A. v Stewart, 97 AD3d 740 [2012]; Tribeca Lending Corp. v Correa, 92 AD3d 770, 771 [2012]; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789 [2011]). As a result, those branches of the appellants’ motion which were to set aside the foreclosure sale of the subject property and to dismiss the action for lack of standing were also properly denied. Skelos, J.P., Leventhal, Chambers and Lott, JJ., concur.