■ LaSalle Bank National Association, as Trustee on Behalf of the Holders of the BSAMP Trust 2006-HE4 Mortgage Pass-Through Certificates, Series 2006-HE4, Respondent, v Edwin E. Calle, Appellant, et al., Defendants. [61 NYS3d 104]—

In an action to foreclose a mortgage, the defendant Edwin E. Calle appeals from an order of the Supreme Court, Queens County (D. Hart, J.), dated August 26, 2015, which denied his motion pursuant to CPLR 5015 (a) (1) to vacate a judgment of foreclosure and sale dated June 1, 2010, entered upon his failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

In this action to foreclose a mortgage, the defendant Edwin E. Calle (hereinafter the defendant) moved to vacate a judgment of foreclosure and sale dated June 1, 2010, entered upon his failure to appear or answer the complaint. The Supreme Court denied the motion, and the defendant appeals.

A defendant seeking to vacate a default in answering or appearing upon the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Wells Fargo Bank, N.A. v Hampton*, 119 AD3d 856 [2014]; *Deutsche Bank Natl. Trust Co. v Ramirez*, 117 AD3d 674, 675 [2014]; *Wells Fargo Bank v Malave*, 107 AD3d 880 [2013]; *U.S. Bank N.A. v Stewart*, 97 AD3d 740 [2012]). Here, in moving to vacate the judgment of foreclosure and sale, the defendant asserted as a reasonable excuse that he was not served with the summons and complaint, and that, when he learned of the action, he did not file an answer due to the law office failure of his two prior attorneys.

"Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (*Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]). A defendant's sworn denial of receipt of service rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing where the defendant swears to specific facts to rebut the statements in the affidavit of service (*see Bank of N.Y. v Samuels*, 107 AD3d 653, 653-654 [2013]; *Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763, 764 [2012]). The mere denial of receipt of the summons and complaint, without factual detail, is insufficient to demonstrate a reasonable excuse for a default (*see HSBC Bank USA, N.A. v Powell*, 148 AD3d 1123 [2017]; *Goldfarb v Zhukov*, 145 AD3d 757, 758 [2016]; *Bank of N.Y. v Samuels*, 107 AD3d at 654).

Here, the process server's affidavit of service alleged that the complaint was left at the defendant's home with a person of suitable age and discretion (*see* CPLR 308 [2]), and another copy was mailed to the defendant's home. The defendant's bare statement in an affidavit that he did not know the person of

suitable age and discretion described in the affidavit of service failed to rebut the prima facie proof of proper service set forth in the affidavit of service and, therefore, was insufficient to demonstrate a reasonable excuse for his default (*see HSBC Bank USA, N.A. v Powell*, 148 AD3d 1123 [2017]; *Goldfarb v Zhukov*, 145 AD3d at 758; *Bank of N.Y. v Samuels*, 107 AD3d at 654).

The defendant also failed to demonstrate a reasonable excuse for his default based on alleged law office failure. His bare statement in his affidavit that he only learned upon hiring his third attorney that his answer had never been filed was conclusory and unsubstantiated (*see One W. Bank, FSB v Valdez*, 128 AD3d 655, 655 [2015]; *CEO Bus. Brokers, Inc. v Alqabili*, 105 AD3d 989, 990 [2013]; *Cantor v Flores*, 94 AD3d 936, 937 [2012]; *Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 789 [2011]; *cf. Deutsche Bank Natl. Trust Co. v Luden*, 91 AD3d 701, 701-702 [2012]).

Since the defendant failed to establish a reasonable excuse for his default in appearing or answering the complaint, it is unnecessary to consider whether he established the existence of a potentially meritorious defense (*see Nationstar Mtge., LLC v McLean*, 140 AD3d 1131, 1132 [2016]; *Wells Fargo Bank, NA v Besemer*, 131 AD3d 1047, 1049 [2015]; *HSBC Bank USA, N.A. v Miller*, 121 AD3d 1044, 1046 [2014]; *Deutsche Bank Natl. Trust Co. v Gutierrez*, 102 AD3d 825, 825 [2013]).

Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 5015 (a) (1) to vacate the judgment of foreclosure and sale. Chambers, J.P., Hinds-Radix, Barros and Brathwaite Nelson, JJ., concur.