Wells Fargo Bank, N.A. v Leonardo (2018 NY Slip Op 08532)





Wells Fargo Bank, N.A. v Leonardo


2018 NY Slip Op 08532


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-12774
 (Index No. 14266/13)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Joseph P. Leonardo, et al., defendants, Audrey M. Leonardo, etc., appellant.


Audrey M. Leonardo, Wantagh, NY, appellant pro se.
Hogan Lovells US LLP, New York, NY (Cameron E. Grant, David Dunn, and Chava Brandriss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Audrey M. Leonardo appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 29, 2016. The order, insofar as appealed from, denied that branch of the motion of the defendant Audrey M. Leonardo which was pursuant to CPLR 5015(a)(1) to vacate so much of two orders of the same court, both entered February 26, 2015, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against her.
ORDERED that the order entered September 29, 2016, is affirmed insofar as appealed from, with costs.
The facts of this action are set forth in this Court's decision and order on a companion appeal (see Wells Fargo Bank, N.A. v Leonardo,___AD3d___[Appellate Division Docket No. 2015-06284, decided herewith]).
By order to show cause dated March 15, 2016, the defendant Audrey M. Leonardo (hereinafter the defendant) appearing, pro se, moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate so much of two orders of the Supreme Court, Nassau County, both entered February 26, 2015, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against her. By order entered September 29, 2016, the Supreme Court denied the motion.
A defendant seeking to vacate a default in answering or appearing upon the grounds of excusable default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; HSBC Bank USA, N.A. v Smart, 155 AD3d 843, 843). Here, the defendant asserted as an excuse that she was not served with the summons and complaint.
" Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service'" (LaSalle Bank N.A. v Calle, 153 AD3d 801, 802, quoting Wells Fargo Bank, NA v Chapin, 65 AD3d 588, 589). A defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing; however, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the affidavit of service (see Bank of N.Y. v Samuels, 107 AD3d 653, 653-654; Indymac Fed. Bank FSB [*2]v Quattrochi, 99 AD3d 763, 764).
Here, the process server's affidavit of service alleged that the complaint was delivered to "Joseph C. Leonardo/son," a person of suitable age and discretion (see CPLR 308[2]). The defendant's mere denial of service in an affidavit failed to rebut the presumption of proper service created by the process server's affidavit and, therefore, was insufficient to demonstrate a reasonable excuse for her default (see HSBC Bank USA, N.A. v Powell, 148 AD3d 1123; Goldfarb v Zhukov, 145 AD3d 757, 758; Bank of N.Y. v Samuels, 107 AD3d at 654). Although the defendant also submitted the affidavits of Joseph C. Leonardo and his business partner, Stephen P. Manney, the affidavits were improperly submitted for the first time in reply (see Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610; Mortgage Elec. Registration Sys., Inc. v Losco, 125 AD3d 733, 733-734; Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc., 111 AD3d 776, 777).
Since the defendant failed to establish a reasonable excuse for her default in failing to appear or answer the complaint, it is unnecessary to consider whether she established the existence of a potentially meritorious defense (see Nationstar Mtge., LLC v McLean, 140 AD3d 1131, 1132; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1049; HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1046; Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825, 825).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate so much of the orders entered February 26, 2015, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against her.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court