Redbridge Bedford, LLC v 159 N. 3rd St. Realty Holding Corp. (2019 NY Slip Op 06809)





Redbridge Bedford, LLC v 159 N. 3rd St. Realty Holding Corp.


2019 NY Slip Op 06809


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-12637
 (Index No. 510835/16)

[*1]Redbridge Bedford, LLC, et al., respondents,
v
159 North 3rd St. Realty Holding Corp., et al., appellants.


Wenig Saltiel LLP, Brooklyn, NY (Meryl L. Wenig, Jason M. Fink, and Nicholas M. Moccia of counsel), for appellants.
Lupkin & Associates PLLC, New York, NY (Jonathan D. Lupkin, Michael B. Smith, Rebecca C. Smithwick, and Isabel D. Knott of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for injunctive relief, the defendants appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated November 9, 2016. The order, insofar as appealed from, granted the plaintiffs' motion for leave to enter a default judgment upon the defendants' failure to appear or answer the complaint, and denied those branches of the defendants' cross motion which were to vacate their default in answering the complaint, to extend their time to answer, and to dismiss the cause of action seeking to recover attorney's fees and expenses for failure to state a cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2010, the defendants entered into two leases for commercial space in two adjoining buildings, one for a retail space and the other for a storage space (hereinafter together the subject premises), with the plaintiffs' predecessor-in-interest. Each lease contained a provision giving the plaintiffs, as landlord, the right to access the subject premises to make repairs, replacements, and improvements. In June 2016, the plaintiffs commenced this action alleging, inter alia, that the defendants had breached the leases by refusing to provide them with access to the subject premises for the purpose of performing certain construction work. In the first and second causes of action, the plaintiffs sought injunctive relief directing the defendants to provide them with access to the subject premises. In the third cause of action, the plaintiffs sought, pursuant to the terms of the leases, to recover their attorney's fees and expenses arising from the defendants' failure to provide access to the subject premises. On June 27, 2016, the Supreme Court granted the plaintiffs' application for a temporary restraining order (hereinafter TRO), which provided the plaintiffs with certain access to the subject premises. On June 28, 2016, the defendants were served with the summons and complaint by delivery to the Secretary of State.
On August 26, 2016, the plaintiffs moved for leave to enter a default judgment upon the defendants' failure to timely appear or answer. The defendants opposed the plaintiffs' motion and cross-moved, inter alia, to vacate their default in answering the complaint, to extend their time to answer, and to dismiss the cause of action for attorney's fees and expenses for failure to state a [*2]cause of action. In the order appealed from, the Supreme Court granted the plaintiffs' motion and denied the defendants' cross motion. The defendants appeal.
In order to be entitled to enter a default judgment upon a defendant's failure to appear or answer the complaint, a plaintiff must submit evidence of service of the summons and complaint upon the defendant, evidence of a viable cause of action, and evidence of the defendant's default in answering or appearing (see CPLR 3215[f]; L & Z Masonry Corp. v Mose, 167 AD3d 728, 729; Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194; Deutsche Bank Natl. Trust Co. v Kuldip, 136 AD3d 969, 970). Here, the plaintiffs satisfied these requirements (see Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652; U.S. Bank, N.A. v Razon, 115 AD3d 739, 740).
" In order to avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action'" (Yuxi Li v Caruso, 161 AD3d 1132, 1133, quoting Jong Gwon Kim v Strippoli, 144 AD3d 982, 983; see Fried v Jacob Holding, Inc., 110 AD3d 56, 60). A defendant seeking to vacate a default in appearing or answering is required to make the same showing (see CPLR 5015[a][1]; Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d 937, 938; LaSalle Bank N.A. v Calle, 153 AD3d 801, 802; Wells Fargo Bank v Malave, 107 AD3d 880, 880-881). The determination of what constitutes a reasonable excuse lies within the discretion of the trial court (see Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d at 938; Gershman v Ahmad, 131 AD3d 1104, 1105; Fried v Jacob Holding, Inc., 110 AD3d at 60).
Here, the defendants' proffered excuse of improper service did not constitute a reasonable excuse. In this regard, they did not contest that they were served with the summons and complaint by delivery to the Secretary of State (see Business Corporation Law § 306[b][1]; CPLR 311[a][1]). Rather, they maintain that such service was improper because proper service could only be made upon their counsel, who had appeared on their behalf in opposition to the plaintiffs' application for a TRO. However, "[a]n attorney is not automatically considered the agent of his [or her] client for the purposes of the service of process" (Broman v Stern, 172 AD2d 475, 476). Moreover, "absent proof that a defendant has designated his or her attorney as an agent for the acceptance of process, an attorney lacks the authority to accept service on the defendant's behalf" (Born To Build, LLC v Saleh, 139 AD3d 654, 655; see Howard B. Spivak Architect, P.C. v Zilberman, 59 AD3d 343, 344; Broman v Stern, 172 AD2d at 476). The defendants did not provide any evidence that their counsel had the authority to accept service of process on their behalf. As the defendants were properly served, they failed to offer a reasonable excuse for their failure to appear or answer the complaint. The absence of a reasonable excuse for the defendants' default renders it unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense (see HSBC Bank USA, N.A. v Smart, 155 AD3d 843, 843; US Bank N.A. v Smith, 132 AD3d 848, 851). Accordingly, we agree with the Supreme Court's grant of the plaintiffs' motion for leave to enter a default judgment and denial of those branches of the defendants' cross motion which were to vacate their default in answering the complaint and to extend their time to answer (see U.S. Bank N.A. v Grubb, 162 AD3d 823, 825; Wells Fargo Bank, N.A. v Pelosi, 159 AD3d 852, 853; HSBC Bank USA, N.A. v Smart, 155 AD3d at 843; Wells Fargo Bank, N.A. v Krauss, 128 AD3d 813, 815).
In the absence of relief from the defendants' default, we agree with the denial of that branch of their motion which was to dismiss the cause of action seeking to recover attorney's fees and expenses for failure to state a cause of action (see Yi Zhao v Liu, 136 AD3d 1025, 1026).
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court