Windward Bora, LLC v. Wilmington Savings Fund Society

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2020

(Submitted: November 24, 2020          Decided: December 10, 2020)

Docket No. 19-3626

_____

WINDWARD BORA, LLC,

*Plaintiff-Appellant*,

—v.—

WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a Christiana Trust, Not in its
Individual Capacity as Certificate Trustee for NNPL Trust Series 2012-1 its
Successors and Assigns,

*Defendant-Appellee*,[1]

_____

Before:  CALABRESI, KATZMANN, and SULLIVAN, *Circuit Judges.*

_____

---

[1]      The Clerk of Court is directed to amend the caption to conform to the
above.

Appeal from an order of the United States District Court for the Northern District of New York (Stewart, *M.J.*) granting summary judgment in favor of the defendant-appellee Wilmington Savings Fund Society, FSB, in an action seeking to quiet title and discharge a mortgage under New York law. While the plaintiff-appellant Windward Bora, LLC, argues that New York's six-year statute of limitations has expired as to any foreclosure action under the mortgage, the defendant argues that it is immune from this statute of limitations by virtue of its status as an assignee of the U.S. Department of Housing and Urban Development. We conclude that (1) assignees of the federal government are entitled to its immunity from state statutes of limitations; and (2) the defendant is entitled to such immunity here. Accordingly, we **AFFIRM**.

_____

Danielle Paula Light, Hasbani & Light, P.C., New York, NY, *for Plaintiff-Appellant*.

Denise Singh Skeete, Kosterich & Skeete, LLC, Tuckahoe, NY, *for Defendant-Appellee.*

_____

PER CURIAM:

In this appeal, we address whether the defendant-appellee, because of its status as an assignee of the U.S. Department of Housing and Urban Development ("HUD"), is immune from the six-year statute of limitations that applies to foreclosure actions under New York law. Plaintiff-appellant Windward Bora, LLC, appeals from an order of the United States District Court for the Northern District of New York (Stewart, *M.J.*) granting summary judgment in favor of defendant-appellee Wilmington Savings Fund Society, FSB, in an action seeking

2

to compel determination of the claims of the defendant with respect to a mortgage and to discharge the mortgage pursuant to New York Real Property Actions & Proceedings Law § 1501(4). For the reasons set forth below, we affirm.

## BACKGROUND

In 2005, Wayne and Gwendolan Carter borrowed the sum of $155,769 from Syracuse Securities, Inc., as evidenced by a promissory note, and executed a mortgage on property located at 107 Gurba Drive South, Stillwater, New York 12170, as collateral. In 2010, as the Carters fell behind on loan payments, Wells Fargo Bank, N.A., which had acquired the note and mortgage, attempted to foreclose on the property. That action was ultimately dismissed in 2016, and a motion to vacate the dismissal and reopen the case was denied in 2018. Meanwhile, between 2014 and 2017, the promissory note and the mortgage were reassigned several times. As relevant to this appeal, Wells Fargo, in 2014, assigned the note and the mortgage to HUD, and after four more assignments, the note and the mortgage were assigned to the defendant in 2017.

In 2018, the plaintiff acquired title to the property. Shortly thereafter, it filed this suit to quiet title and discharge the mortgage. The plaintiff then filed for summary judgment, arguing that, because the 2010 foreclosure action accelerated the mortgage, the six-year statute of limitations period had expired as to any

3

foreclosure action. The defendant cross-moved for summary judgment, arguing that the New York statute of limitations did not apply here because, *inter alia*, the defendant was an assignee of HUD and because the loan was insured by the Federal Housing Administration ("FHA"). The district court, agreeing with the defendant, granted the defendant's motion for summary judgment and denied the plaintiff's motion.[2] This appeal followed.

## STANDARD OF REVIEW

We review the district court's grant or denial of summary judgment *de novo*. *See Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 260 (2d Cir. 2005).[3] A motion for summary judgment may be granted only if, after drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Green v. Town of E. Haven*, 952 F.3d 394, 405 (2d Cir. 2020).

---

[2] The defendant also argued before the district court that the 2010 foreclosure action did not accelerate the mortgage and so the statute of limitations had not yet run. The district court rejected this argument, however, and the defendant has abandoned it on appeal.

[3] In quoting cases, all internal quotation marks, footnotes, citations, and alterations are omitted.

4

The central dispute in this appeal is whether the defendant, by virtue of its status as an assignee of HUD, is immune from the six-year statute of limitations that applies to foreclosure actions under New York law. Resolving this dispute requires us to answer two questions: (1) whether the federal government's immunity to state limitations periods is inherited by an assignee of a federal agency; and (2) whether the district court properly found that the defendant is entitled to such immunity here. We answer both in the affirmative.

## I. Immunity of Assignees of the Federal Government

It is well-established that "the United States is not bound by a statute of limitations unless Congress has explicitly expressed one." *Westnau Land Corp. v. U.S. Small Bus. Admin.*, 1 F.3d 112, 115 (2d Cir. 1993). Thus, New York's six-year limitations period on foreclosure actions does not apply to actions brought by the United States or federal agencies. *See id.* at 116–17.

We have not yet addressed, however, whether the federal government's immunity to state limitations periods is inherited by an assignee of the federal government. Several of our sister circuits have held that such extension of immunity to assignees is appropriate as a matter of federal law. *See UMLIC VP*

*LLC v. Matthias*, 364 F.3d 125, 131–33 (3d Cir. 2004); *United States v. Thornburg*, 82 F.3d 886, 890–91 (9th Cir. 1996); *Fed. Deposit Ins. Corp. v. Bledsoe*, 989 F.2d 805, 810–11 (5th Cir. 1993); *see also UMLIC-Nine Corp. v. Lipan Springs Dev. Corp.*, 168 F.3d 1173, 1177 n.3 (10th Cir. 1999). *But see Fed. Fin. Co. v. Hall*, 108 F.3d 46, 50 (4th Cir. 1997) (looking to state law "to determine the statute of limitations governing the rights of assignees of" a federal agency).[4]

These courts generally reason that, under traditional common law principles governing assignments, "the assignee of the United States stands in the shoes of the United States and is entitled to rely on the limitations periods prescribed by federal law." *UMLIC VP LLC*, 364 F.3d at 133. Moreover, they have concluded that this result is warranted "because it improves the marketability of instruments held by the United States, thereby giving the United States greater flexibility in monetizing its claims." *Id.*; *see also Bledsoe*, 989 F.2d at 811.

We find such reasoning persuasive. Accordingly, we hold that assignees of the federal government are entitled to its immunity from state statutes of limitations.

---

[4] New York courts are in agreement. *See Fleet Nat'l Bank v. D'Orsi*, 26 A.D.3d 898, 899 (4th Dep't 2006); *RCR Servs. v. Herbil Holding Co.*, 229 A.D.2d 379, 380 (2d Dep't 1996).

## II.    The Defendant's Entitlement to Immunity

Notwithstanding this rule that assignees of the federal government are entitled to its immunity from state statutes of limitations, the plaintiff argues that the defendant here is not entitled to immunity for three reasons. None of these proffered reasons is persuasive.

First, the plaintiff argues that the defendant is not entitled to immunity because it has not shown that the ultimate benefits from any foreclosure in this case will flow to HUD. We see no basis, however, for concluding that a federal government assignee's entitlement to immunity turns on its ability to demonstrate some benefit to the federal government. The plaintiff appears to draw this limitation from a single Second Department case in which the state court held that an assignee was entitled to immunity because it had "submitted evidence sufficient to determine as a matter of law that it is prosecuting this claim as assignee/agent of [HUD] and that the ultimate benefits from the foreclosure will flow to HUD." *RCR Servs. v. Herbil Holding Co.*, 229 A.D.2d 379, 380 (2d Dep't 1996). As a state case, however, *RCR* is not controlling authority on this federal question. *See UMLIC VP LLC*, 364 F.3d at 127 ("[F]ederal law supplies the statute of limitations in cases where the plaintiff is a successor in interest to

7

the United States."). And even on the merits, *RCR*—which merely observed that the evidence in *that* case demonstrated a benefit to HUD—hardly stands for the proposition that an assignee *must* show a benefit to HUD to avoid the state's six year statute of limitations. This state case thus provides no basis for imposing an additional requirement—notably absent from any other case law concerning assignee immunity—on the defendant here, and we decline to do so.

Second, the plaintiff argues that the defendant is not entitled to immunity because it has failed to provide evidence that the *note* was ever assigned to HUD, notwithstanding the undisputed evidence that the *mortgage* was assigned to HUD. *See U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 754 (2d Dep't 2009) ("Where a mortgage is represented by a bond or other instrument, an assignment of the mortgage without assignment of the underlying note or bond is a nullity"). The defendant, however, has adduced sufficient evidence that the note was assigned to HUD. Among other things, the third page of the note shows an endorsement from Wells Fargo to the Secretary of HUD, and his/her successors and assigns. That this note was in HUD's possession is supported by HUD's subsequent endorsement of the note to V Mortgage Acquisitions, LLC. Moreover, the defendant has adduced a document "assign[ing]" from Wells

8

Fargo to HUD the relevant mortgage and "such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note," Joint App'x 53, presumably including the note itself. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) ("No special form or language is necessary to effect [a note] assignment as long as the language shows the intention of the owner of a right to transfer it."). Absent any competing evidence that HUD was never assigned or never possessed the note, this evidence is sufficient to demonstrate that the note was assigned to HUD.

Third, the plaintiff argues that the defendant is not entitled to immunity because it failed to prove that the loan was insured by the FHA. The plaintiff, however, provides no basis for finding that the defendant's immunity is conditioned on whether the loan was FHA-insured. To the extent this argument is a response to the defendant's own unsubstantiated assertion that it was entitled to immunity by virtue of the fact that the loan was insured by a federal agency, we do not reach this argument. As noted above, the defendant's status as a HUD assignee offers a sufficient basis for affirming the district court's conclusion that the defendant is immune from the state limitations period.

9

## CONCLUSION

For the foregoing reasons, the defendant was entitled to HUD's immunity from New York's six-year statute of limitations. Because the plaintiff provides no other basis for reversal, we **AFFIRM** the district court's judgment.