*A.P. v. N.Y.C. Dep't of Educ.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> > *Circuit Judges.*

---

A.P., Individually and on behalf of A.P., a minor child with a disability, M.P., Individually and on behalf of A.P., a minor child with a disability,

> *Plaintiffs-Appellants*,

v.                                                        22-2636

New York City Department of Education,

> *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR APPELLANTS:** | QIAN JULIE WANG (Marc Gottlieb, *on the briefs*), Gottlieb & Wang LLP, New York, NY. |
| **FOR APPELLEE:** | LAUREN O'BRIEN (Claude S. Platoon, Melanie T. West, Kevin Osowski, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for further proceedings.

Appellant A.P. is a 13-year-old girl with autism who was approved by the New York City Department of Education (DOE) to enroll in a non-public school for students with special education needs. For the 2020-2021 school year, after the DOE failed to provide a free and appropriate education to A.P. as required by the Individuals with Disabilities Education Act (IDEA), A.P. enrolled in Keswell, a private school for children with special needs, and opted for remote instruction for the year due to apprehensions about the COVID-19 pandemic. Appellants A.P. and M.P., A.P.'s parents, initiated administrative proceedings to seek reimbursement for A.P.'s education. At an impartial hearing, the impartial hearing officer (IHO) found that Keswell was generally an appropriate private school placement, but awarded Appellants only partial tuition reimbursement for the 2020-2021 school year due to the nature of A.P.'s remote instruction program. Appellants appealed to the state review officer (SRO). The SRO disagreed with the IHO's finding that Appellants' private school placement was appropriate and denied Appellants any tuition award for the 2020-2021 school year. Appellants then brought this suit in the district court, seeking review of the SRO's decision. The district court determined that based on A.P.'s progress and the totality of the circumstances, the IHO correctly found that A.P.'s placement "addressed her needs, albeit to a limited extent," and that Appellants were entitled to partial

reimbursement. SPA-15 (cleaned up). Appellants timely appealed, seeking review of the district court's partial reimbursement award in lieu of a full reimbursement award. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's grant . . . of summary judgment *de novo*." *Windward Bora, LLC v. Wilmington Sav. Fund Soc'y, FSB*, 982 F.3d 139, 141 (2d Cir. 2020). "The IDEA provides district courts with broad discretion to grant such relief as the court determines is appropriate in order to carry out its statutory mandate." *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 170 (2d Cir. 2014) (internal quotation marks omitted). "We review for abuse of discretion the fashioning of relief under 20 U.S.C. § 1415(i)(2)(C)(iii)." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 448 (2d Cir. 2015).

We find that the district court exceeded its discretion in awarding partial tuition reimbursement. First, the district court did not meaningfully analyze and weigh the equities in determining the tuition award. The district court noted that "Defendant does not appear to dispute that equitable considerations favor Plaintiffs for the 2020-2021 school year." SPA-18. Then it accepted "the IHO's finding that the remote live sessions A.P. participated in for three hours per day was appropriate, and she [was] therefore entitled to partial reimbursement of the tuition." *Id*. But it identified no equitable factors that weighed against A.P. To the extent the district court reduced the award in its equitable discretion, it erred by doing so without finding that *any* equities weighed against A.P.

Second, the district court improperly deferred to the IHO's finding of a partial award. The *Burlington-Carter* test looks to "(1) whether the school district's proposed plan will provide the

child with a free appropriate public education; (2) whether the parents' private placement is appropriate to the child's needs; and (3) a consideration of the equities." *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 73 (2d Cir. 2014). The first two prongs of the test generally constitute a binary inquiry that determines whether or not relief is warranted, while the third enables a court to determine the appropriate amount of reimbursement, if any. *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 246-47 (2009) ("Parents are entitled to reimbursement *only* if a federal court concludes both that the public placement violated IDEA and the private school placement was proper under the Act. And even then courts retain discretion to reduce the amount of a reimbursement award if the equities so warrant." (cleaned up)). In its analysis of the second prong of the test—the appropriateness prong—the IHO found that three hours of remote sessions out of an eight-hour day were appropriate, thus entitling Appellants to 3/8th of the tuition reimbursement. The IHO incorrectly applied the *Burlington-Carter* test by conducting reimbursement calculations in its appropriateness analysis. It should have determined only whether the placement was appropriate or not.

Additionally, once parents pass the first two prongs of the *Burlington-Carter* test, the Supreme Court's language in *Forest Grove*, stating that the court retains discretion to "reduce the amount of a reimbursement award if the equities so warrant," suggests a presumption of a full reimbursement award. *Id.* at 247; *see also* 20 U.S.C. § 1412(a)(10)(C)(ii) (suggesting that reimbursements "for the cost of . . . enrollment" is the ordinary remedy when a student is denied a FAPE and must be placed in private school, subject to certain limitations in (a)(10)(C)(iii)). From an entitlement of full reimbursement, equitable factors are considered in deciding whether to reduce or deny reimbursement. *See Forest Grove*, 557 U.S. at 247 ("When a court . . . concludes

4

that a school district failed to provide a FAPE and the private placement was suitable, it must consider all relevant factors . . . in determining whether reimbursement for some or all of the cost of the child's private education is warranted."). Here, after finding that Appellants were eligible for relief, the IHO also found that the equities favored Appellants. But it nonetheless awarded only partial reimbursement without explaining any equitable factors that justified this reduction.

Courts must give due weight to state administrative proceedings under the IDEA but owe no deference on issues of law. *See Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 165 (2d Cir. 2021). By inappropriately applying the *Burlington-Carter* test, the IHO erred in determining the partial reimbursement award. Thus, the district court then erred by relying on the IHO's award finding.

For the foregoing reasons, the judgment of the district court granting in part Appellants' motion for summary judgment is **VACATED**, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5