Go Sweat, LLC v GRA Legal Tit. Trust 2013-1, U.S. Bank, N.A. (2024 NY Slip Op 01507)

Go Sweat, LLC v GRA Legal Tit. Trust 2013-1, U.S. Bank, N.A.

2024 NY Slip Op 01507

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Kern, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Index No. 32505/18 Appeal No. 1892 Case No. 2023-03274 

[*1]Go Sweat, LLC, Respondent,
v
GRA Legal Title Trust 2013-1, U.S. Bank, National Association, as Trustee, Defendant, Bank of America, N.A. Nonparty Appellant.

Aldridge Pite, LLP, Melville (Kenneth M. Sheehan of counsel), for appellant.
Gallet Dreyer & Berkey, LLP, New York (Michelle P. Quinn of counsel), for respondent.

Order, Supreme Court, Bronx County (Andrew J. Cohen, J.), entered on or about December 5, 2022, which, insofar as appealed from, denied nonparty Bank of America, N.A.'s motion to vacate the default judgment entered against defendant, unanimously affirmed, without costs.
As the motion court correctly found, appellant failed to show that it had a reasonable excuse for its delay in appearing and answering the complaint, as required by CPLR 5015(a)(1) (see LaSalle Bank N.A. v Calle, 153 AD3d 801 [2d Dept 2017]). Accordingly, the motion court properly denied its motion.
Bank of America's arguments that the judgment should be vacated in the interest of justice are unavailing. It did not demonstrate that the judgment was procured through "fraud, mistake, inadvertence, or excusable neglect" (Matter of McKenna v County of Nassau, Off. Of County Attorney, 61 NY2d 739, 742 [1984]) or identified other circumstances warranting vacatur, such as ones the drafters of CPLR 5015 "could not easily foresee" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see e.g. Soggs v Crocco, 247 AD2d 887, 888 [4th Dept 1998]).
A party seeking to bar an action based on the statute of limitations must show, initially, only that the time within which to commence the cause of action has expired (see MTGLQ Invs., LP v Wozencraft, 172 AD3d 644, 644 [1st Dept 2019], lv dismissed 34 NY3d 1010[2019]). It is the party opposing the bar that must show that the statute of limitations is inapplicable (see MTGLQ at 645; Bank of Am., N.A. v Gulnick, 170 AD3d 1365, 1366-1367 [3d Dept 2019], lv denied 34 NY3d 908 [2020]). Thus it was the responsibility of Bank of America, which acquired the mortgage over four months before the order directing judgment was entered, or its predecessor, defendant GRA Legal Title Trust 2013-1, U.S. Bank, National Association, as Trustee, to raise the defense that, as assignees of an agency of the federal government, they were immune to the statute of limitations (see Gulnick at 1366-1367; cf. Windward Bora, LLC v Wilmington Sav. Fund Socy., FSB (982 F3d 139 [2d Cir 2020]).
We have considered Bank of America's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024