■ RCR SERVICES INC., Doing Business as MORTGAGE DEFAULT SERVICES COMPANY, Respondent, v HERBIL HOLDING Co., Appellant, et al., Defendants. [645 NYS2d 76] —In an action to foreclose a mortgage, the defendant Herbil Holding Co. appeals from an order of the Supreme Court, Suffolk County (Underwood, J.) dated February 6, 1995, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this foreclosure action against, *inter alia,* the defendant Herbil Holding Co. (hereinafter Herbil) to foreclose a mortgage. "It is settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default * * * When a plaintiff does so, it is incumbent upon the defendant to

assert any defenses which could properly raise a viable question of fact as to his default" (*Village Bank v Wild Oaks Holding,* 196 AD2d 812). Here, the plaintiff has established such a prima facie case. In response, Herbil failed to raise a triable issue of fact as to the substantive merits of the claim. Although Herbil argues that the complaint must nonetheless be dismissed because, *inter alia,* the plaintiff lacks standing and because the proceeding is barred by the relevant six year Statute of Limitations (*see,* CPLR 213 [4]), these contentions lack merit.

As is conceded by Herbil, " 'the United States is not bound by state Statutes of Limitations or subject to the defense of laches' " (*Matter of Feinberg,* 18 NY2d 499, 504, quoting *United States v Summerlin,* 310 US 414, 416; *see also, Cracco v Cox,* 66 AD2d 447; *Westnau Land Corp. v U.S. Small Bus. Admin.,* 1 F3d 112; *United States v 93 Ct. Corp.,* 350 F2d 386, *cert denied* 382 US 984). "The policy underlying this exception is that the failure of a government employee to bring an action within the time prescribed by a state statute of limitations should not bar the government from bringing the action if the action is one to enforce public rights or to protect the public fisc. This rule allows the government to maintain belated actions to enforce public rights regardless of the 'governmental' or 'business' nature of the government-sponsored activity that created the rights" (*United States v 93 Ct. Corp., supra,* at 389; *see also, United States v Summerlin, supra;* Wright, Federal Courts § 22, at 127 [5th ed]).

Here, the plaintiff, although not the Federal Government, has submitted evidence sufficient to determine as a matter of law that it is prosecuting this claim as assignee/agent of the Secretary of Housing and Urban Development (hereinafter HUD) and that the ultimate benefits from the foreclosure will flow to HUD. Accordingly, in view of, *inter alia,* the goals and principles upon which it is premised, we hold that the plaintiff, as assignee/agent of HUD, is entitled to HUD's immunity from the State Statute of Limitations (*see,* 6 NY Jur 2d, Assignments, §§ 49, 71; *cf., Travelers Indem. Co. v Agoli,* 151 Misc 2d 947; *Federal Ins. Co. v United States Port Serv. Co.,* 23 Misc 2d 142, *affd* 12 AD2d 905; *F.D.I.C. v Bledsoe,* 989 F2d 805; *Williams v Globe Indem. Co.,* 507 F2d 837, *cert denied* 421 US 948). Accordingly, this proceeding is not time-barred regardless of the date that the cause of action accrued. Further, because the plaintiff, at the time it served the complaint on Herbil in 1994 (*see, Arnold v Mayal Realty Co.,* 299 NY 57; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 203.34; McLaughlin, Practice Com-

mentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:11, at 163), was the assignee of the subject mortgage, the plaintiff had standing and was entitled to commence this proceeding in its own name (*see*, General Obligations Law § 13-105; *American Banana Co. v Venezolana Internacional De Aviacion*, 67 AD2d 613, *affd* 49 NY2d 848; *Hill v Satra Corp.*, 65 AD2d 737).

We have considered Herbil's remaining contentions and find them to be without merit. Ritter, J. P., Copertino, Hart and Goldstein, JJ., concur.