FLEET NATIONAL BANK, as Successor in Interest to FLEET BANK OF NEW YORK, N.A., Respondent, v CAROL A. D'ORSI, Also Known as CAROL HUMMEL, et al., Appellants, et al., Defendants. [811 NYS2d 502]—

Appeal from an order of the Supreme Court, Monroe County (Patricia D. Marks, A.J.), dated April 1, 2004. The order, among other things, granted plaintiff's motion for summary judgment against defendants Carol A. D'Orsi, also known as Carol Hummel, and Robert W. Hummel.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the motion seeking summary judgment and appointment of a referee and by vacating the last ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Defendant Robert W. Hummel was the vice-president/secretary of VHS Floor Fashions, Inc. (VHS), which obtained a loan from plaintiff through the United States Small Business Administration (SBA). VHS executed the note, and Robert Hummel and Carol A. D'Orsi, also known as Carol Hummel (collectively, defendants), executed a personal guaranty and mortgage, using their residence as collateral. In addition, the SBA guaranteed 90% of the loan. VHS thereafter defaulted on the loan, and the SBA honored its guaranty. On or about January 15, 2003, plaintiff commenced this foreclosure action on the mortgage. In July 2003, plaintiff and the SBA assigned "any and all right and interest" in the mortgage and note to LPP Mortgage Ltd., formerly known as Loan Participant Partners, Ltd. (LPP Mortgage). Plaintiff subsequently moved, inter alia, to amend the caption "to reflect the name of the Plaintiff as [LPP Mortgage]" and for summary judgment on the complaint. Defendants cross-moved for summary judgment dismissing the complaint against them as time-barred. Supreme Court, inter alia, granted those parts of plaintiff's motion to amend the caption and for summary judgment, concluding that there was no applicable statute of limitations because federal law applies to this action. We agree with defendants that plaintiff is not entitled to summary judgment.

There is no federal statute of limitations applicable to mortgage foreclosure actions brought by the United States or its federal agencies (*see Cracco v Cox*, 66 AD2d 447, 450-452 [1979]; *see also Westnau Land Corp. v United States Small Bus. Admin.*, 785 F Supp 41, 43 [1992], *affd* 1 F3d 112 [1993]; *United States v 93 Ct. Corp.*, 350 F2d 386 [1965], *cert denied* 382 US 984 [1966]). That rule applies equally to an assignee of a federal agency, including a commercial lender, and includes the benefit of immunity from a state limitations period (*see UMLIC VP LLC v Matthias*, 364 F3d 125, 131-133 [2004]; *United States v Thornburg*, 82 F3d 886, 890-891 [1996]; *Long Is. Realty Group VII v United States Dept. of Hous. & Urban Dev.*, 2005 WL

2179687, 2005 US Dist LEXIS 32390 [ED NY 2005]). Plaintiff has failed to establish, however, that it is entitled to judgment as a matter of law under those precedents (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, the SBA is not a party to the action, and the record does not establish that the SBA ever held the mortgage or had a right to foreclose on the mortgage, regardless of whether it paid on its guaranty. Certain documents in the record refer to a "Guaranty Agreement" or "Participation Agreement" between plaintiff and the SBA, but no such agreement is included in the record on appeal. Although the SBA is labeled an "Assignor" in the documents transferring its right and interest in the mortgage and note to LPP Mortgage, the record on appeal also does not contain the Loan Sale Agreement in which that term purportedly is defined. Because plaintiff has failed to provide the requisite documentation establishing that the SBA had the right to foreclose on the mortgage unfettered by a statute of limitations and, thus, that such right was assigned to LPP Mortgage, plaintiff has failed to establish its entitlement to judgment as a matter of law (*see generally id.*). We therefore modify the order accordingly. Present—Hurlbutt, J.P., Scudder, Gorski and Smith, JJ.