■ LPP MORTGAGE LTD., Formerly Known as LOAN PARTICIPANT PARTNERS, LTD., Appellant-Respondent, v ANDREW GOLD et al., Respondents-Appellants, et al., Defendants. [842 NYS2d 739]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme

Court, Westchester County (Donovan, J.), entered February 2, 2006, as denied its cross motion for summary judgment, and (2) so much of an order of the same court entered May 12, 2006, as denied its motion for leave to reargue, and the defendants Andrew Gold, Anne Jowett Gold, and Discoveread, Inc., cross-appeal, as limited by their brief, from so much of the order entered February 2, 2006, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order entered May 12, 2006, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered February 2, 2006, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered February 2, 2006, is reversed insofar as cross-appealed from, on the law, that branch of the motion of the defendants Andrew Gold, Anne Jowett Gold, and Discoveread, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,

Ordered that one bill of costs is awarded to the defendants Andrew Gold, Anne Jowett Gold, and Discoveread, Inc.

The Supreme Court improperly denied that branch of the motion of defendants Andrew Gold, Anne Jowett Gold, and Discoveread, Inc. (hereinafter the defendants), which was for summary judgment dismissing the complaint insofar as asserted against them. They established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff failed to commence this action within the applicable six-year limitations period (*see* CPLR 213; *EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact. In particular, the plaintiff did not submit evidence sufficient to raise an issue of fact as to whether it was an assignee or agent of a federal agency entitled to immunity from the state statute of limitations (*cf. RCR Servs. v Herbil Holding Co.*, 229 AD2d 379, 380 [1996]), or whether the limitations period was tolled by the defendants' acts after the mortgage debt was accelerated (*see Lew Morris Demolition Co. v Board of Educ. of City of N.Y.*, 40 NY2d 516, 520-521 [1976]).

In light of our determination, the remaining contentions are academic.

Motion by the respondents-appellants on an appeal and cross appeal from an order of the Supreme Court, Westchester County, entered February 2, 2006, and an appeal from an order of the

same court entered May 12, 2006, inter alia, to dismiss the appeal from the order entered May 12, 2006, on the ground that no appeal lies from an order denying a motion for leave to reargue. By decision and order on motion of this Court dated September 29, 2006, that branch of the motion which was to dismiss the appeal from the order entered May 12, 2006, was held in abeyance and referred to the Justices hearing the appeals and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals and cross appeal, it is

Ordered that the branch of the motion which was to dismiss the appeal from the order entered May 12, 2006, is denied as academic in light of our determination on the appeals and cross appeal. Crane, J.P., Florio, Lifson and Carni, JJ., concur.