Bank of Am., N.A. v Gulnick (2019 NY Slip Op 01878)





Bank of Am., N.A. v Gulnick


2019 NY Slip Op 01878


Decided on March 14, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 14, 2019

527046

[*1]BANK OF AMERICA, N.A., Appellant,
v
BURTON GULNICK JR., as Limited Public Administrator of the Estate of JOHN C. CASCIARO, Deceased, Respondent, et al., Defendants.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


RAS Boriskin, LLC, Westbury (Max Smelyansky of counsel), for appellant.
Wapner, Koplovitz & Futerfas, PLLC, Kingston (Joshua N. Koplovitz of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered September 18, 2017 in Ulster County, which, upon reargument, among other things, dismissed the complaint against defendant Burton Gulnick Jr.
In September 2008, John C. Casciaro (hereinafter decedent) executed a home equity conversion mortgage (hereinafter the mortgage), more commonly referred to as a reverse mortgage, to secure a note for $361,500. Identical terms in the note and mortgage authorized the lender to require immediate payment in full upon the death of the borrower. Decedent died on December 20, 2009. As relevant here, on March 12, 2012, limited letters of administration were issued to defendant Burton Gulnick Jr. (hereinafter defendant), as public administrator of decedent's estate. Plaintiff commenced this action to foreclose the mortgage on August 11, 2016 and, in January 2017, after all named defendants defaulted, moved for an order of reference. Defendant cross-moved, as relevant here, for leave to serve a late answer, asserting that there was a meritorious statute of limitations defense. Supreme Court determined that the statute of limitations defense lacked merit and, accordingly, denied defendant's cross motion and granted plaintiff's motion. Defendant moved to reargue. Supreme Court granted the motion and, upon reargument, dismissed the complaint as untimely. Plaintiff appeals.
As the party asserting the statute of limitations defense, defendant "bore the initial burden of establishing prima facie that the time to sue had expired, and thus [was] required to establish, among other things, when . . . plaintiff's cause of action accrued" (Haynes v Williams, 162 AD3d 1377, 1378 [2018] [internal quotation marks, ellipsis, brackets and citations omitted], lv denied 32 NY3d 906 [2018]; see Matter of Baird, 58 AD3d 958, 959 [2009]). We recently [*2]noted that "[r]everse mortgages are designed to allow elderly homeowners to borrow money against the accumulated equity in their homes and, unlike traditional mortgages, the borrower in a reverse mortgage receives periodic payments (or a lump sum) and need not repay the outstanding loan balance until certain triggering events occur[,] generally . . . the death of the borrower or the sale of the home" (Onewest Bank, FSB v Smith, 135 AD3d 1063, 1063-1064 [2016] [internal quotation marks and citation omitted]). Identical terms in the note and mortgage provided that the "[l]ender may require immediate payment in full . . . if: [a] [b]orrower dies and the [p]roperty is not the principal residence of at least one surviving [b]orrower" (emphasis added).
Defendant contends that the cause of action arose upon decedent's death, when plaintiff had the right to demand payment in full (see Wendover Fin. Servs. v Ridgeway, 137 AD3d 1718, 1719 [2016], lv denied 140 AD3d 1715 [2016]). Plaintiff notes that because "may" is ordinarily read as permissive language (see Onewest Bank, FSB v Smith, 135 AD3d at 1065), it had no obligation to demand payment in full and argues, therefore, that no cause of action accrues until payment is demanded. Plaintiff's argument is unavailing. "[W]here the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the party making the claim possesses a legal right to demand payment. In other words, the statute of limitations [is] triggered when the party that was owed money had the right to demand payment, not when it actually made the demand" (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 770-771 [2012] [internal quotation marks, brackets and citations omitted]; see CPLR 206 [a]; Gower v Weinberg, 184 AD2d 844, 845 [1992]). This rule applies even though the party that is owed money does not have knowledge of the event giving rise to a cause of action (see Wendover Fin. Servs. v Ridgeway, 137 AD3d at 1719; Gower v Weinberg, 184 AD2d at 845). A contrary rule providing that a cause of action accrues only when a demand is made would permit a plaintiff "to extend the statute of limitations indefinitely by simply failing to make a demand" (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d at 771 [internal quotation marks and citation omitted]; see State of New York v City of Binghamton, 72 AD2d 870, 871 [1979]). Thus, we conclude that defendant has established prima facie that plaintiff's cause of action was untimely because it was commenced more than six years after decedent's death (see CPLR 213 [4]).
Plaintiff further contends that it is, nonetheless, immune from the statute of limitations imposed by state law because it was acting as an assignee or agent of a federal agency (see Fleet Natl. Bank v D'Orsi, 26 AD3d 898, 899 [2006]). When a defendant meets the initial burden of proving that the time within which to commence a cause of action has expired, "[t]he burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations" (Plaza Invs. v Capital One Fin. Corp., 165 AD3d 853, 854 [2018]; see Texeria v BAB Nuclear Radiology, P.C., 43 AD3d 403, 404 [2007]; Easton v Sankel, 268 AD2d 861, 863 [2000], affd 95 NY2d 290 [2000]). Plaintiff alleged that the mortgage loan is insured by the Department of Housing and Urban Development (hereinafter HUD) (see e.g. Plunkett v Castro, 67 F Supp 3d 1, 6-7 [DDC 2014] [explaining the operation of reverse mortgages and noting that they are insured by HUD]). HUD is not a party to this action, and the record does not contain any information explaining the alleged insurance program or the extent of any liability that HUD may incur as a result. Nor does the record show that HUD ever held the mortgage or had a right to foreclose it, regardless of whether it paid on an insurance claim; in fact, HUD holds a second mortgage on the property for the full loan amount. Thus, we conclude that the record fails to establish that plaintiff is entitled to an exception from the statute of limitations imposed by New York law (see LPP Mtge. Ltd. v Gold, 44 AD3d 718, 719 [2007]; Fleet Natl. Bank v D'Orsi, 26 AD3d at 900; cf. RCR Servs. v Herbil Holding Co., 229 AD2d 379, 380 [1996]). Plaintiff's remaining arguments have been examined and found to lack merit.
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.