Carr Holdings, LLC v Martinez (2022 NY Slip Op 03094)





Carr Holdings, LLC v Martinez


2022 NY Slip Op 03094


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2019-03710
 (Index No. 612174/18)

[*1]Carr Holdings, LLC, respondent, 
v
Heriberto Martinez, et al., defendants, Nationstar Mortgage, LLC, etc., appellant.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for appellant.
Robert Bichoupan, P.C., Great Neck, NY (Carolyn C. Bichoupan of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant Nationstar Mortgage, LLC, doing business as Champion Mortgage Company, appeals from a judgment of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered January 25, 2019. The judgment, insofar as appealed from, upon an order of the same court dated January 15, 2019, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant, is in favor of the plaintiff and against that defendant, among other things, declaring that the plaintiff is the owner of the subject property, free and clear of all liens and encumbrances. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In July 2009, Heriberto Martinez and Irene Sulikowski (hereinafter together the borrowers), who were then the owners of the subject property located in Hempstead (hereinafter the subject property), executed a home equity conversion mortgage, also known as a reverse mortgage (hereinafter the reverse mortgage), in favor of nonparty Wells Fargo Bank, N.A., to secure a note for a maximum principal amount of $510,000. Pursuant to paragraph 13 of the reverse mortgage, the borrowers also executed a home equity conversion second mortgage in favor of the Secretary of Housing and Urban Development (hereinafter HUD), the head of a federal agency. The reverse mortgage was subsequently assigned to Nationstar Mortgage, LLC, doing business as Champion Mortgage Company (hereinafter Champion).
As a result of the borrowers' alleged failure to pay property taxes for the year 2014, the Treasurer of the Village of Hempstead (hereinafter the Treasurer) held a public auction on May 7, 2015 (hereinafter the tax lien sale) and executed a tax sale certificate, certifying that nonparty BR Madison, LLC (hereinafter BR Madison), was the successful purchaser at the tax lien sale. After two years passed from the date of the tax lien sale without the borrowers, or any other person interested in or having a lien upon the subject property, redeeming the tax sale certificate (see RPTL former 1464[1]), the Treasurer conveyed the subject property to BR Madison by deed dated August 23, [*2]2018. By deed dated September 4, 2018, BR Madison conveyed the subject property to the plaintiff.
In September 2018, the plaintiff commenced this action pursuant to RPAPL article 15 against the borrowers, Champion, and HUD, among others, for a judgment declaring that the plaintiff is the record holder in fee simple of the subject property and extinguishing all rights, title, and interests of any and all defendants in and to the subject property. Champion interposed an answer in which it asserted, inter alia, that the tax lien sale was void pursuant to 28 USC § 2410. HUD filed a notice of appearance, waiver, and conditional assertion of claim to surplus monies, but did not interpose an answer.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Champion. Champion opposed the plaintiff's motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against it. Champion's sole contention was that the plaintiff failed to comply with 28 USC § 2410. HUD did not submit papers in connection with either the plaintiff's motion or Champion's cross motion. By order dated January 15, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Champion and denied Champion's cross motion for summary judgment dismissing the complaint insofar as asserted against it. In a judgment entered January 25, 2019, the court, upon the order, inter alia, declared the plaintiff to be the owner of the subject property, free and clear of all liens and encumbrances. Champion appeals.
The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Champion and properly denied Champion's cross motion for summary judgment dismissing the complaint insofar as asserted against it. In actions where the United States is a party pursuant to 28 USC § 2410, the complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States (see id. § 2410[b]). Pursuant to 28 USC § 2410(c), "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale." 28 USC § 2410(c) further provides that, "[w]here a sale of real estate is made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of sale within which to redeem."
Here, there is no evidence in the record that Champion is an agent or assignee of HUD (see Bank of Am., N.A. v Gulnick, 170 AD3d 1365, 1367; LPP Mtge. Ltd. v Gold, 44 AD3d 718, 719; cf. RCR Servs. v Herbil Holding Co., 229 AD2d 379, 380; Windward Bora, LLC v Wilmington Sav. Fund Socy., FSB, 982 F3d 139, 141-142 [2d Cir]). As such, Champion may not assert HUD's rights with respect to any alleged noncompliance with 28 USC § 2410 (cf. Kasdon v United States, 707 F2d 820, 823 [4th Cir]). Contrary to Champion's contention, any alleged noncompliance with 28 USC § 2410 does not raise triable issues of fact as to whether the plaintiff was entitled to a judgment extinguishing the right, title, and interest of Champion in the subject property.
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court