Nationstar Mtge., LLC v Scheinberg (2023 NY Slip Op 02319)

Nationstar Mtge., LLC v Scheinberg

2023 NY Slip Op 02319

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-09612
 (Index No. 523134/17)

[*1]Nationstar Mortgage, LLC, etc., appellant,
v
Avraham Scheinberg, respondent, et al., defendants.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck and Oran Schwager of counsel), for appellant.
Wolf & Associates, PLLC, Brooklyn, NY (Martin Wolf of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated August 1, 2019. The order, insofar as appealed from, granted that branch of the cross-motion of the defendant Avraham Scheinberg which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 29, 2002, the defendant Avraham Scheinberg (hereinafter the defendant) executed a note in the sum of $268,000 in favor of Odyssey Funding, LLC. The note was secured by a mortgage on certain property located in Brooklyn. The mortgage was later assigned to Countrywide Home Loans, Inc. (hereinafter Countrywide).
On April 17, 2008, Countrywide commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2008 action). By order dated March 13, 2014, the Supreme Court directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). Thereafter, the mortgage was assigned to the plaintiff in this action.
On November 30, 2017, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer in which he asserted, inter alia, an affirmative defense alleging that the action was barred by the statute of limitations. In March 2019, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant cross-moved, inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations. In support of his motion, the defendant submitted, among other things, a copy of the complaint in the 2008 action.
In an order dated August 1, 2019, the Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross-motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations. The [*2]plaintiff appeals from so much of the order as granted that branch of the defendant's cross-motion.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see U.S. Bank N.A. v Leone, 175 AD3d 1452, 1453). However, even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the statute of limitations begins to run on the entire debt (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935). Acceleration of a mortgage debt requires an unequivocal overt act, such as the commencement of a foreclosure action which invokes that relief (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22; Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; Citibank, N.A. v Kletzky, 196 AD3d 459, 461).
Here, in support of his cross-motion, the defendant established, prima facie, that the mortgage debt was accelerated when the plaintiff's predecessor in interest commenced the 2008 action and elected in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Bajwa, 208 AD3d 1197, 1198; U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wells Fargo Bank N.A. v Kehres, 199 AD3d 869, 870; Ventures Trust 2013-I-H-R v Chitbahal, 167 AD3d 682, 683). The defendant further demonstrated that this action was commenced on November 30, 2017, more than six years later (see CPLR 213[4]; U.S. Bank N.A. v Doura, 204 AD3d at 723).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. "There is no federal statute of limitations applicable to mortgage foreclosure actions brought by the United States or its federal agencies" (Fleet Natl. Bank v D'Orsi, 26 AD3d 898, 899; see RCR Servs. v Herbil Holding Co., 229 AD2d 379, 380; Windward Bora, LLC v Wilmington Sav. Fund Socy., FSB, 982 F3d 139, 142 [2d Cir]). "That rule applies equally to an assignee of a federal agency, including a commercial lender, and includes the benefit of immunity from a state limitations period" (Fleet Natl. Bank v D'Orsi, 26 AD3d at 899; see RCR Servs. v Herbil Holding Co., 229 AD2d at 380). Contrary to the plaintiff's contention, it failed to establish that it was an assignee of a federal agency entitled to immunity from New York's statute of limitations (see Bank of Am., N.A. v Gulnick, 170 AD3d 1365, 1367; Fleet Natl. Bank v D'Orsi, 26 AD3d at 900)
The parties' remaining contentions are either without merit (see CPLR 213[4][a]) or not properly before this Court.
Accordingly, the Supreme Court properly granted that branch of the defendant's cross-motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him as barred by the statute of limitations.
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court