Bank of Am., N.A. v Reid (2024 NY Slip Op 04942)

Bank of Am., N.A. v Reid

2024 NY Slip Op 04942

Decided on October 9, 2024

Appellate Division, Second Department

Maltese, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-01707
 (Index No. 711206/18)

[*1]Bank of America, N.A., appellant, 
v
Patricia Reid, respondent, et al., defendants.

APPEAL by the plaintiff, in an action to foreclose a mortgage, from an order of the Supreme Court (Tracy Catapano-Fox, J.), entered March 14, 2022, in Queens County. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment striking the affirmative defense of the defendant Patricia Reid alleging that the action was time-barred.

Blank Rome LLP, New York, NY (Andrea M. Roberts and Diana M. Eng of counsel), for appellant.
Binakis Law, P.C., Astoria, NY (Patrick Binakis of counsel), for respondent.

MALTESE, J.

OPINION & ORDER
In this appeal in a mortgage foreclosure action, the plaintiff, Bank of America, N.A., contends that it is an assignee of the United States Department of Housing and Urban Development (hereinafter HUD) and the Federal Housing Administration (hereinafter FHA) and that, therefore, as an assignee of federal agencies, it is immune from New York's statute of limitations. We take this opportunity to clarify that where a loan was insured by a federal agency, but no federal agency ever had a right to foreclose the mortgage, the federal government's immunity does not apply to a lender seeking to foreclose upon the mortgage. Consequently, as a plaintiff in a mortgage foreclosure action, the plaintiff is subject to the six-year statute of limitations under CPLR 213(4).
In March 2010, nonparty BAC Home Loans Servicing, L.P., formerly known as Countrywide Home Loans Servicing, L.P. (hereinafter BAC), commenced an action against the defendant Patricia Reid (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Queens. In the complaint, BAC elected to accelerate the entire mortgage debt. In an order entered June 4, 2015, the Supreme Court directed dismissal of the action on the ground that BAC had failed to comply with several court orders.
On July 20, 2018, the plaintiff, BAC's successor in interest, commenced this action against the defendant, among others, to foreclose the mortgage. In her answer, the defendant asserted, among other affirmative defenses, that the action was time-barred. The plaintiff moved, inter alia, for summary judgment striking the defendant's affirmative defense alleging that the action was time-barred, contending that the plaintiff was an assignee of federal agencies and that, therefore, it was immune from the statute of limitations. In an order entered March 14, 2022, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment striking the defendant's affirmative defense alleging that this action was time-barred. An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the [*2]entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see U.S. Bank N.A. v Connor, 204 AD3d at 863).
Here, the debt was first accelerated, and the statute of limitations began to run, when BAC commenced the first mortgage foreclosure action in March 2010 (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201). Thus, the statute of limitations expired in March 2016. This action was commenced more than two years after the statute of limitations expired, on July 20, 2018.
Contrary to the plaintiff's contention, it failed to establish as a matter of law that it was an assignee of a federal agency and, therefore, immune to the statute of limitations. "'[T]he United States is not bound by a statute of limitations unless Congress has explicitly expressed one'" (Windward Bora, LLC v Wilmington Sav. Fund Socy., FSB, 982 F3d 139, 142 [2d Cir], quoting Westnau Land Corp. v U.S. Small Bus. Admin., 1 F3d 112, 115 [2d Cir]). "The policy underlying this exception is that the failure of a government employee to bring an action within the time prescribed by a state statute of limitations should not bar the government from bringing the action if the action is one to enforce public rights or to protect the public fisc. This rule allows the government to maintain belated actions to enforce public rights regardless of the governmental or business nature of the government-sponsored activity that created the rights" (RCR Servs. v Herbil Holding Co., 229 AD2d 379, 380 [internal quotation marks omitted]).
"'There is no federal statute of limitations applicable to mortgage foreclosure actions brought by the United States or its federal agencies'" (Nationstar Mtge., LLC v Scheinberg, 216 AD3d 652, 654, quoting Fleet Natl. Bank v D'Orsi, 26 AD3d 898, 899; see RCR Servs. v Herbil Holding Co., 229 AD2d at 380; Windward Bora, LLC v Wilmington Sav. Fund Socy., FSB, 982 F3d at 142). "That rule applies equally to an assignee of a federal agency, including a commercial lender, and includes the benefit of immunity from a state limitations period" (Fleet Natl. Bank v D'Orsi, 26 AD3d at 899; see RCR Servs. v Herbil Holding Co., 229 AD2d at 380).
Contrary to the plaintiff's contention, it failed to establish, prima facie, that it was an assignee of a federal agency and, therefore, entitled to immunity from New York's statute of limitations (see Nationstar Mtge., LLC v Scheinberg, 216 AD3d at 654; Fleet Natl. Bank v D'Orsi, 26 AD3d at 900). The plaintiff primarily contends that it was not required to establish that a federal agency would receive a benefit from the immunity. The plaintiff states that this Court applied such a requirement in its decision in RCR Servs. v Herbil Holding Co. (229 AD2d at 380) but contends that the requirement should be eliminated. Although this Court in RCR Servs. v Herbil Holding Co. found that the plaintiff had established that it was an assignee/agent of the Secretary of HUD and that the ultimate benefits from the foreclosure would flow to HUD, this Court held that the plaintiff was entitled to HUD's immunity by virtue of the fact that it was an assignee of HUD. Other, more recent decisions by this Court and the Appellate Division, Fourth Department, reflect that the relevant inquiry is whether the plaintiff is an agent or assignee of a federal agency, not whether a federal agency would benefit from the immunity (see Nationstar Mtge., LLC v Scheinberg, 216 AD3d at 654; Fleet Natl. Bank v D'Orsi, 26 AD3d at 900).
In any event, the plaintiff's argument presents a red herring. The relevant distinction in this case is that between a loan that was merely insured by a federal agency and a loan that was held by a federal agency, such that the federal agency had a right to foreclose the mortgage, and then assigned to the plaintiff. A plaintiff seeking to foreclose a mortgage that was merely insured by a federal agency is not entitled to immunity. Allowing immunity in such instances would inappropriately expand its application and would be inconsistent with the purpose of "allow[ing] the government to maintain belated actions to enforce public rights," where the government never had the ability to maintain such an action (RCR Servs. v Herbil Holding Co., 229 AD2d at 380 [internal quotation marks omitted]).
Here, in support of its motion, the plaintiff submitted, among other things, a uniform residential loan application with a "HUD/VA ADDENDUM," an application for insurance by HUD and the FHA under the National Housing Act. The plaintiff also submitted the defendant's payment history, which reflected that the defendant made "FHA MIP" insurance premium payments. Although this evidence demonstrated that the loan at issue was insured by HUD and/or the FHA, the plaintiff failed to establish that either of those agencies ever had the right to foreclose the mortgage [*3]"unfettered by [the] statute of limitations" or that such a right was ever assigned to the plaintiff (Fleet Natl. Bank v D'Orsi, 26 AD3d at 900). Contrary to the plaintiff's assertion, the plaintiff was not an assignee of a federal agency merely because the loan was insured by federal agencies. Consequently, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment striking the defendant's affirmative defense alleging that the action was time-barred.
The parties' remaining contentions are not properly before this Court.
Accordingly, the order is affirmed insofar as appealed from.
DUFFY, J.P., VOUTSINAS and VENTURA, JJ., concur.
ORDERED that the order is affirmed insofar as appealed from, with costs.
ENTER:
Darrell M. Joseph
Clerk of the Court