Reverse Mtge. Solutions, Inc. v Miglucci (2024 NY Slip Op 05171)

Reverse Mtge. Solutions, Inc. v Miglucci

2024 NY Slip Op 05171

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

CV-23-1646
[*1]Reverse Mortgage Solutions, Inc., Appellant,
v
Christine Miglucci, Respondent, et al., Defendants.

Calendar Date:September 10, 2024

Before:Egan Jr., J.P., Pritzker, Lynch, McShan and Powers, JJ.

Phillips Lytle LLP, Albany (Adelyn G. Burns of counsel), for appellant.
Legal Aid Society of Northeastern New York, Albany (Marlene Morales Melo of counsel), for respondent.

McShan, J.
Appeal from an order of the Supreme Court (James E. Walsh, J.), entered April 24, 2023 in Saratoga County, which, among other things, granted defendant Christine Miglucci's cross-motion for summary judgment dismissing the complaint.
In 2008, Marion Miglucci (hereinafter decedent) executed a home equity conversion mortgage, also known as a reverse mortgage, with Bank of America (hereinafter BOA) on real property located in the City of Saratoga Springs, Saratoga County. The terms of the mortgage provided, as relevant here, that the "[l]ender may require immediate payment in full of all outstanding principal and accrued interest if . . . [a] [b]orrower dies and the [p]roperty is not the principal residence of at least one surviving [b]orrower." Decedent, who was the only borrower, passed away in February 2010. The title to the property was subsequently conveyed to decedent's three children — defendants Christine Miglucci (hereinafter Miglucci), Louis J. Miglucci and Cheryl Miglucci. BOA assigned the mortgage to plaintiff in November 2016.
Plaintiff commenced this foreclosure action in December 2016 seeking the remaining principal balance on the mortgage. After defendants failed to respond, plaintiff moved ex parte for, among other things, a default judgment and an order of reference. Thereafter, Miglucci moved for leave to file a late answer, which Supreme Court (Buchanan, J.) granted in a January 2019 order while simultaneously denying plaintiff's motion for entry of default judgment and an order of reference. Miglucci subsequently interposed an answer asserting several affirmative defenses, including that plaintiff's foreclosure action was barred by the statute of limitations, along with various counterclaims. After replying, plaintiff moved for summary judgment and to reargue its motion for a default judgment. In response, Miglucci cross-moved for summary judgment and to quiet title. Supreme Court (Walsh, J.) denied plaintiff's motion and granted Miglucci's entire cross-motion, determining that plaintiff's action was untimely because it was commenced more than six years after decedent's death. Specifically, the court determined that plaintiff's claim accrued upon decedent's death, not upon plaintiff's demand for payment of the principal balance. With respect to plaintiff's motion to reargue, the court determined that it was rendered moot by the order. Plaintiff appeals.
We affirm. Plaintiff contends that Supreme Court improperly determined the date of accrual of the six-year statute of limitations applicable to its foreclosure action (see CPLR 213 [4]). In doing so, plaintiff asserts that the permissive language contained in the mortgage is controlling and that, based on its terms, the statute of limitations was not triggered until plaintiff filed its complaint in December 2016. However, as we have previously held, a cause of action seeking a payment of money pursuant to a contract accrues "when the party making the claim possesses a legal right [*2]to demand payment
. . . , not when it actually made the demand" (Bank of Am., N.A. v Gulnick, 170 AD3d 1365, 1366 [3d Dept 2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 908 [2020]). Conceding that our precedent is unfriendly to its position, plaintiff advances various policy considerations and precedent from one of our sister Departments in support of its request that we reconsider our prior holding. We decline that invitation. In our view, the policy implications raised by plaintiff do not outweigh the fact that the reading of the parties' agreement advanced by plaintiff would permit the indefinite extension of the statute of limitations subject only to plaintiff's discretion (see id.; Wendover Fin. Servs. v Ridgeway, 137 AD3d 1718, 1719 [4th Dept 2016]; see also Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 771 [2012]). To this end, we note that it has long been the public policy of this State to forbid parties from agreeing to extend the limitations period prior to accrual (see Deutsche Bank Natl. Trust Co. v Flagstar Capital Mkts., 32 NY3d 139, 154 [2018]; John J. Kassner & Co. v City of New York, 46 NY2d 544, 551 [1979]).
Plaintiff's assertion that periodically checking with its borrowers in order to determine whether said conditions have occurred would impose an excessive hardship also rings hollow in light of the facts before us. Specifically, in this case, plaintiff had serviced the mortgage since April 2012 and was assigned the mortgage in November 2016, more than six years after decedent's death, a fact which BOA was aware of and reported to the US Department of Housing and Urban Development (hereinafter HUD), which in turn approved the mortgage as due and payable. Thus, plaintiff was clearly in a position to learn of decedent's death prior to the assignment. Further, plaintiff's policy arguments ring hollow when one considers its specialization in providing the type of mortgage at issue, the clientele that the product is marketed to, and the fact that the relevant grounds for acceleration of the remaining balance owed on the reverse mortgage were limited to the death of the borrower and the sale or transfer of the property (see Onewest Bank, FSB v Smith, 135 AD3d 1063, 1063-1064 [3d Dept 2016]).[FN1] Accordingly, we find that Supreme Court properly determined that Miglucci established prima facie that plaintiff's action was untimely.
Plaintiff further contends that it is not subject to the statute of limitations as it shares "the same interests and goals" as HUD. Even accepting that statement as true, it is an insufficient premise to bestow the protection of immunity from the statute of limitations, as the record is otherwise devoid of any proof establishing that plaintiff is the assignee of HUD or that HUD had the right to foreclose on the mortgage (see Bank of Am., N.A. v Gulnick, 170 AD3d at 1367; LPP Mtge. Ltd. v Gold, 44 AD3d 718, 718-719 [2d Dept 2007]; Fleet Natl. Bank v D'Orsi[*3], 26 AD3d 898, 900 [4th Dept 2006]; cf. RCR Servs. v Herbil Holding Co., 229 AD2d 379, 380 [2d Dept 1996]). Plaintiff therefore failed to demonstrate the applicability of an exception to the statute of limitations (see Bank of Am., N.A. v Gulnick, 170 AD3d at 1367). Finally, as raised in its motion to reargue, plaintiff's contention that it was entitled to default against those parties that did not appear in the action is without merit. The basis for dismissal against Miglucci is applicable to all of the nonappearing parties and denial of plaintiff's motion for default was therefore appropriate (see Draughn v Roker, 193 AD3d 565, 566 [1st Dept 2021]). Based upon our determination, plaintiff's remaining arguments are rendered academic.
Egan Jr., J.P., Pritzker, Lynch and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: The agreement also permitted the lender, with HUD approval, to accelerate the debt under discrete circumstances not at issue in this matter.