**Duran v FLA Mtge. Capital 2 LLC**

2025 NY Slip Op 30146(U)

January 13, 2025

Supreme Court, Queens County

Docket Number: Index No. 709157/2024

Judge: Robert I. Caloras

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.



SUPREME COURT OF THE STATE OF NEW YORK QUEENS COUNTY

PRESENT:   **HON. ROBERT I. CALORAS**        PART    PART 36 MOTIONS

*Justice*

-------------------------------------------------------------------X

LUZ DURAN,

                               Plaintiff,

                   - v -

FLA MORTGAGE CAPITAL 2 LLC,

                             Defendant.

-----------------------------------------------------------------X

INDEX NO.        **709157/2024**

MOTION SEQ. NO.        **001**

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF under the motion: 10-45 were read on the motion by Defendant pursuant to CPLR 3211 to dismiss the complaint.

.

Upon the foregoing papers it is ordered that this motion is determined as follows:

On April 30 2024, Luz Duran commenced this action pursuant to RPAPL 1501(4) seeking to cancel and discharge a mortgage of record dated June 23, 2008, given by Duran and Jovini Sanchez on the property known as known as 32-36 105th Street, East Elmhurst, New York, to secure a loan in the amount of $573,982.  Duran alleges that the mortgage no longer has any legal effect because its enforcement is barred by the six-year statute of limitations applicable to an accelerated installment loan (CPLR 213[4]).

On or about March 23, 2010, Citimortgage commenced an action to foreclose the subject mortgage entitled *Citimortgage v Luz Duran, et al.* (Sup Ct, Queens County, Index No. 7241/2010). That action was dismissed in an order dated September 10, 2014, and filed on October 6, 2014.  A second action was commenced on the same mortgage by Wilmington Savings Fund entitled *Wilmington Savings Fund Society FSB v Luz Duran, et al.* (Sup Ct, Queens County, Index No.710731/2015).  That action was dismissed in a short form order dated October 20, 2023, and filed on October 25, 2023.  A notice of entry was filed on October 25, 2023, and a Notice of Appeal was filed on October 27, 2023.  The appeal is perfected and is still pending.

Since the origination of the loan, the note and mortgage have been assigned several times. As is relevant for this motion, the note and mortgage were assigned on February 4, 2014, from Citimortgage to the Secretary of HUD and then on June 18, 2014, from the Secretary of HUD to GCAT Depositor I, LLC.  The note and mortgage were eventually assigned to the plaintiff.

The defendant FLA Mortgage Capital 2 LLC has moved to dismiss the action.  RPAPL 1501(4) provides that "[w]here the applicable statute of limitations for the commencement of an action to foreclose a mortgage...has expired," any person with an estate or interest in the property

[* 1]

may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (RPAPL 1501[4]).  The plaintiff alleges that inasmuch as the first two foreclosure actions have been dismissed and the loan was accelerated by the commencement of the original action commenced more than six years ago, the mortgage must be declared adjudged and deemed cancelled as a matter of law.  The defendant argues that as an assignee of the federal government it is entitled to immunity from state statute of limitations.

On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7) a court must accept as true the allegations of the complaint and give the plaintiff every favorable inference to determine if the allegations fit within a cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83 [1994]; *Baker v Town of Wallkill*, 84 AD3d 1134 [2011]; *Konidaris v Aeneas Capital Mgt., LP*, 8 AD3d 244 [2004]). In order to be successful on a motion to dismiss pursuant to CPLR 3211(a)(1), the documentary evidence that forms the basis of the defense must resolve all factual issues and completely dispose of the claim (*see Held v Kaufman*, 91 NY2d 425 [1998]; *Teitler v Pollack & Sons*, 288 AD2d 302 [2d Dept 2001]).  There is no federal statute of limitations applicable to mortgage foreclosure actions brought by the United States or its agencies (*Nationstar Mtge., LLC v Scheinberg*, 216 AD3d 652, 654 [2d Dept 2023]; *Fleet Natl. Bank v D'Orsi*, 26 AD3d 898, 899 [4th Dept 2006]).  That rule applies equally to an assignee of a federal agency, including a commercial lender, and includes the benefit of immunity from a state limitations period (*id.; see Windward Bora, LLC v Wilmington Sav. Fund Soc., FSB,* 982 F. 3d 139 [2d Cir. 2020]).  Here, the defendant has established that it is an assignee of HUD, and thus, there is no applicable statute of limitations for it to commence a mortgage foreclosure action.  Therefore, the plaintiff established its entitlement to dismissal of this action.

In opposition, the plaintiff argues that since the FHA would not receive a benefit from this immunity it no longer applies to the defendant.  This argument is without merit.  The relevant inquiry is whether the plaintiff is an agent or assignee of a federal agency, not whether a federal agency would benefit from the immunity (*Bank of America, N.A. v Reid*, __ AD3d __, 2024 NY Slip Op 04942 [2d Dept October 9, 2024]; *see Windward Bora, LLC*, 982 F. 3d at 143)).  Additionally, contrary to the argument put forth by the plaintiff, the enactment of the Foreclosure Abuse Prevention Act, specifically CPLR 205-a, does not change this analysis.  Therefore, the motion to dismiss must be granted.

Accordingly, the defendant's motion to dismiss the action is granted and the complaint is dismissed.

**DATED: January 13, 2025**

FILED
1/16/2025
COUNTY CLERK
QUEENS COUNTY

_____
**ROBERT I. CALORAS, J.S.C.**

[* 2]