Cv Xxviii, LLC v Williams (2025 NY Slip Op 01353)

Cv Xxviii, LLC v Williams

2025 NY Slip Op 01353

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2019-04133
 (Index No. 510073/15)

[*1]CV XXVIII, LLC, appellant,
v
Mark Williams, respondent, et al., defendants.

Vallely Law, PLLC, Syosset, NY (Ryan Mitola of counsel), for appellant.
Alter & Barbaro, Brooklyn, NY (Do K. Lee of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 4, 2019. The order, insofar as appealed from, in effect, granted that branch of the motion of the defendant Mark Williams which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2000, an action was commenced to foreclose a mortgage on certain real property located in Brooklyn (hereinafter the 2000 action). Ultimately, by order dated November 19, 2013, the 2000 action was dismissed pursuant to CPLR 3215(c). In 2015, the plaintiff commenced this action to foreclose the mortgage. The defendant Mark Williams moved, inter alia, in effect, for summary judgment dismissing the complaint insofar as asserted against him as time-barred. In an order dated February 4, 2019, the Supreme Court, among other things, in effect, granted that branch of Williams's motion. The plaintiff appeals.
Pursuant to CPLR 213(4), an action to foreclose a mortgage is subject to a six-year statute of limitations. Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). One way acceleration occurs is by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage (see Ditech Fin., LLC v Connors, 206 AD3d 694, 697). The recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821) amended CPLR 213(4) by adding, inter alia, subdivision (a), which provides that "[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated."
Here, Williams established, prima facie, that the mortgage debt was accelerated when the 2000 action was commenced and the plaintiff in that action elected in the complaint to call due the entire amount secured by the mortgage (see Nationstar Mtge., LLC v Scheinberg, 216 AD3d 652, 653). Since this action was commenced in 2015, more than six years later, Williams demonstrated, prima facie, that this action was time-barred (see U.S. Bank N.A. v Armand, 220 AD3d 963, 966). In opposition to Williams's prima facie showing, the plaintiff failed to raise a triable issue of fact. As the 2000 action was not dismissed "based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (CPLR 213[4][a]), the plaintiff is estopped from asserting that the debt was not validly accelerated by the commencement of the 2000 action (see US Bank Trust, N.A. v Reizes, 222 AD3d 907, 910; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917).
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court